UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL ADRIANNE SMITH,<br><br>         Plaintiff,<br><br>v.<br><br>ANDY COOK,<br><br>         Defendant. | Case No.: 17cv00961-AJB-WVG<br><br>**AMENDED ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br>**(Doc. No. 2)**<br><br>**(2) SUA SPONTE DISMISSING FOR FAILURE TO STATE A CLAIM; AND**<br>**(Doc. No. 1)**<br><br>**(3) DENYING AS MOOT MOTION TO APPOINT COUNSEL**<br>**(Doc. No. 3)** |

On May 9, 2017, Plaintiff Carol Smith ("Plaintiff"), a non-prisoner proceeding *pro se*, commenced this action against Defendant Andy Cook ("Defendant"). (Doc. No. 1.) On the same day, Plaintiff also moved to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), and filed a motion to appoint counsel. (Doc. Nos. 2, 3.) For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP, *sua sponte* **DISMISSES**

1

Plaintiff's Complaint for failure to state a claim, and **DENIES AS MOOT** Plaintiff's motion to appoint counsel.

## I.     Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP pursuant to § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which show inability to pay initial fees or give security. S.D. CivLR 3.2.a. Here, Plaintiff states that she has two children ages twenty-one and thirteen that depend on her for support. (Doc. No. 2 at 3.) The affidavit submitted by Plaintiff also indicates that she is employed, she receives approximately $900 per month in salary and $1732 in child support, and has two checking accounts with a total amount of $1000. (*Id*. at 1-2.) However, Plaintiff has monthly expenses amounting to $3733, falling short of her monthly income by over a thousand dollars. Accordingly, the Court finds that Plaintiff meets the § 1915(a) requirements and **GRANTS** Plaintiff's motion to proceed IFP.

## II.    Sua Sponte Dismissal for Failure to State a Claim

Pursuant to 28 U.S.C. § 1915(e)(2), a court may dismiss a case at any time if it determines the plaintiff has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Here, Plaintiff's fifty-four page Complaint alleges a variety of causes of action including but not limited to: (1) irrelevant evidence; (2) willful suppression of evidence; (3) failure to explain or deny; (4) conclusive presumption; (5) statute of frauds; (6) breach of fiduciary duty; and (7) racial discrimination. (Doc. No. 1 at 27-34.) Though the Court believes that Plaintiff's underlying complaint stems from Defendant's alleged failure to successfully represent Plaintiff in a family court case, Plaintiff's vague and unclear pleading fails to state facts to support a cognizable constitutional or statutory cause

of action. Moreover, the majority of Plaintiff's causes of action depend on the California Evidence Code, which are inapplicable to Plaintiff's instant <u>federal</u> case.

As a result, Plaintiff has not presented a sufficient basis for a cognizable claim on which relief may be granted. Pursuant to § 1915(e)(2), the Court **DISMISSES** the Complaint **WITHOUT PREJUDICE** for failure to state a claim.

### III. Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). As Plaintiff has yet to pay the filing fee, and her Complaint has been dismissed without prejudice, the motion for counsel is **DENIED AS MOOT**. The Court notes, however, that the Constitution provides no right of appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981).

### IV. Conclusion

For the reasons set forth above, the Court:

(1) **GRANTS** Plaintiff's motion to proceed IFP;

(2) *sua sponte* **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** for failure to state a claim; and

(3) **DENIES AS MOOT** Plaintiff's motion to appoint counsel.

Pursuant to this Order, Plaintiff is granted **thirty (30) days** from the date of this Amended Order to file a new motion to proceed IFP. If Plaintiff chooses to file a new motion to proceed IFP, she must also file her proposed first amended complaint with said motion. If Plaintiff does not file a new motion to proceed IFP and proposed first amended complaint, this action will be dismissed.

**IT IS SO ORDERED**.

Dated: May 16, 2017

Hon. Anthony J. Battaglia
United States District Judge