UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL ADRIANNE SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>ANDY COOK.<br><br>        Defendant. | Case No.: 17-cv-00961-AJB-WVG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. Nos. 9, 10) |

Presently before the Court are two motions from Plaintiff Carol Smith ("Plaintiff"). Based on the reasoning below, the Court **DENIES** Plaintiff's motion to appoint counsel and **DENIES AS MOOT** Plaintiff's motion to proceed in forma pauperis.

## **BACKGROUND**

Plaintiff filed her complaint on May 8, 2017, asserting several causes of action against Defendant Andy Cook ("Defendant"). (Doc. No. 1.) From what the Court can discern, Plaintiff contends that Defendant failed to adequately represent her interests in a child support case. (*Id*. at 5.) Specifically, Plaintiff alleges that Defendant acted

1

fraudulently, charged her fees of over $70,000.00, and failed to correctly address her claims for military spousal retirement. (*Id.*) On the same day, Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP") and a motion to appoint counsel. (Doc. Nos. 2, 3.) On May 12, 2017, the Court granted Plaintiff's motion to proceed IFP, sua sponte dismissed Plaintiff's complaint for failure to state a claim, and denied as moot her motion to appoint counsel. (Doc. No. 4.) On June 20, 2017, Plaintiff filed her first amended complaint ("FAC"), a second motion for leave to proceed IFP, and her second motion to appoint counsel. (Doc. Nos. 8, 9, 10.)

## LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent "litigant may lose his [or her] physical liberty if he [or she] loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. However, this discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted)).

## DISCUSSION

Plaintiff's motion for appointment of counsel states that she resides in Beaverton, Oregon, and that Oregon does not provide pro se clinic services. (Doc. No. 10 at 3.) Plaintiff then requests a pro bono attorney, or access via the phone to a pro bono attorney in the federal pro se office. (*Id.*) Plaintiff makes no further arguments concerning the complexity or merits of her case.

Having reviewed Plaintiff's motion, the Court concludes that no exceptional circumstances exist to justify appointment of counsel for Plaintiff at this time. The Court

2

17-cv-00961-AJB-WVG

notes that "any pro se litigant certainly would be better served with the assistance of counsel." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds by Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). But a plaintiff is only entitled to appointed counsel if he or she can show "that because of the complexity of the claims [they are] unable to articulate [their] positions." *Rand*, 113 F.3d at 1525. Bearing this in mind, the Court finds that Plaintiff is capable of articulating her claims and navigating the federal court system as demonstrated by the filing of her FAC. Moreover, Plaintiff's arguments that she resides in Oregon with two young children and must travel to California for court are unfortunately not reasons to warrant the finding of exceptional circumstances to support a motion for appointment of counsel. Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel **WITHOUT PREJUDICE**.

On a final note, the Court highlights that pursuant to the Court's order dated May 12, 2017, Plaintiff's initial motion to proceed IFP was granted, and her complaint was dismissed without prejudice. (Doc. No. 4.) The Court then provided Plaintiff thirty days to file a new amended complaint and inaccurately instructed Plaintiff to file another motion for IFP. As a result, on June 20, 2017, Plaintiff filed a second motion to proceed IFP pursuant to the Court's instructions. However, the Court clarifies that as Plaintiff's initial motion for IFP was granted, Plaintiff's second motion for IFP is **DENIED AS MOOT**.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**, (Doc. No. 10), and Plaintiff's motion for leave to proceed IFP is **DENIED AS MOOT**. (Doc. No. 9.)

**IT IS SO ORDERED**.

Dated: July 6, 2017

Hon. Anthony J. Battaglia
United States District Judge