UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL ADRIANNE SMITH,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDY COOK,<br><br>　　　　　　　　　Defendant. | Case No.: 17-cv-00961-AJB-WVG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR WITHDRAWAL OF DEFENDANT'S ATTORNEYS; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>(Doc. Nos. 22, 32) |

　　　Pending before the Court are two motions filed by Plaintiff Carol Adrianne Smith ("Smith"): (1) a motion for the withdrawal of Defendant's attorneys; and (2) a motion for sanctions. (Doc. Nos. 22, 32.) Defendant Andy Cook ("Defendant") filed oppositions to both motions on October 12, 2017, and January 26, 2018. (Doc. Nos. 25, 39.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matters suitable for decision on the papers and without oral argument. For the reasons explained more fully below, the Court **DENIES** both Smith's motion for withdrawal of Defendant's attorneys and her motion for sanctions. (Doc. Nos. 22, 32.)

1

## I. BACKGROUND

Smith, an Oregon state resident, brings this lawsuit against Defendant alleging that he gravely misrepresented her in her child support case. (Doc. No. 8 ¶¶ 23, 32.) According to Smith, she only hired Defendant as her counsel when the father of her child, William, decided to set aside their Marital Settlement Agreement ("MSA") and sue her in California family court. (*Id.* ¶¶ 26–28.) Smith alleges that despite paying Defendant an "enormous retainer fee," he made several errors that altered the amount of standard entitled child support she deserved both as a mother, as well as a spouse who is eligible for entitled alimony based on military law. (*Id.* ¶¶ 32, 34, 36, 37.)

Smith also claims that Defendant was prejudiced against her based on her African American heritage, that Oregon has a historically racist culture against African Americans, that Defendant worked in conspiracy with others to mentally abuse her, and that Defendant was paid over $45,000, but that he is now demanding over $50,000 more. (*Id.* ¶¶ 40, 41, 60, 78, 79.) In sum, from what the Court can discern, Smith alleges causes of action for "bad faith," "abuse of privilege," breach of fiduciary duty, extrinsic fraud, fraud upon the court, the Unruh Civil Rights Act, and gross negligence among other things. (*Id.* ¶¶ 107, 117, 128, 143, 145, 169, 182.)

Smith filed her complaint on May 8, 2017.[1] (Doc. No. 1.) Shortly thereafter, Smith filed a motion for leave to proceed in forma pauperis ("IFP") and a motion to appoint counsel. (Doc. Nos. 2, 3.) On May 12, 2017, Smith was granted IFP status, but her complaint was dismissed for failure to state a claim. (Doc. No. 5.) Thus, her motion to appoint counsel was denied as moot. (*Id.*)

---

[1] The Court notes that this case was first filed in superior court. (Doc. No. 22-4.) Smith then repeatedly asserts in her various motions that she removed without prejudice her state court case to this Court. (Doc. No. 32 at 5.) Unfortunately, the Court's docketing system does not reflect that Smith removed the case, but instead shows that she simply filed a new complaint with this Court in May of 2017. (Doc. No. 1.) Moreover, the state court case appears to still be open. (Doc. No. 39-2.)

On June 20, 2017, Smith filed her first amended complaint ("FAC"). (Doc. No. 8.) Subsequently, Defendant moved to dismiss the FAC based on Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18.) This motion is still pending. The instant motions were filed on September 27, 2017, and January 9, 2018. (Doc. Nos. 22, 32.) On January 10, 2018, Smith then moved for a preliminary injunction, which was withdrawn on January 18, 2018. (Doc. Nos. 33, 37.) Just recently, Smith filed a motion for declaratory judgment. (Doc. No. 43.)

## II. DISCUSSION[2]

### A. Judicial Notice

Both parties request judicial notice. Smith requests judicial notice of ten documents that include state court papers, as well as email chains and letters from her attorneys, (Doc. No. 22-1), and Defendant requests judicial notice of five documents from Smith's state court case, (Doc. No. 39-1).

Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

First, as to both Smith and Defendant's requests that the Court take judicial notice of state court papers, the Court finds this request warranted as courts routinely grant judicial notice of court records and documents. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, transcripts, pleadings, memoranda, expert reports, among other documents, that were filed in another suit). However, the Court only takes judicial notice of the existence of the papers and not for the

---

[2] Smith is reminded that per Civil Local Rule 7.1.h, briefs in opposition to all motions must not exceed a total of twenty-five (25) pages in length and no reply memorandum will exceed ten (10) pages without leave of the judge. CivLR 7.1.h. Smith's reply briefs have consistently been over twenty pages in length. Any further non-compliance with this rule will result in Smith's briefs being subject to discrepancy orders.

truth of the contents of the documents. *See Johnson & Johnson v. Superior Court*, 192 Cal. App. 4th 757, 768 (2011). Accordingly, the Court **GRANTS** Defendant's request for judicial notice in its entirety and **GRANTS** Smith's request for judicial notice of her exhibits A–C, and J for the limited purpose stated above. (Doc. Nos. 22-1, 39-1.)

Smith also requests judicial notice of email chains, letters from her attorney, and her MSA. (Doc. No. 22-1.) The Court notes that as the accuracy and relevancy of these documents have not been disputed by Defendant, judicial notice is warranted. Thus, the Court **GRANTS** judicial notice of Smith's exhibits D–I. *See Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1241 (N.D. Cal. 2014) (taking judicial notice of email screenshots as the defendant did not dispute the accuracy or relevancy of the screenshots).

B.     There are No Grounds to Request Withdrawal of Defendant's Attorneys

Smith's convoluted motion argues that Defendant's representation, Klinedinst PC, should be removed from this case for professional ethics violations. (*See generally* Doc. No. 22.) Specifically, Smith contends that in conjunction with representing Defendant in the instant matter, Klinedinst also represented an attorney Myra Fleischer, who Smith previously sued at the request of Defendant. (*Id.* at 4.) Defendant opposes the motion arguing that there is no conflict of interest and that Smith has no standing to bring this motion. (Doc. No. 25 at 8.)

A court's "authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" *People ex rel. Dep't of Corps. v. Speedee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145 (1999) (citation omitted). Per Civil Local Rule 83.4 an attorney practicing before this Court will "be courteous," "[a]ttempt to resolve litigation consistent with his or her client's interests[,]" avoid disparaging any person's "gender, race, religious creed, color, [or] national origin," and will not knowingly "participate in litigation or any other proceeding that is without merit or is designed to harass[.]" CivLR 83.4(1), (2).

"[D]isqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility." *Great Lakes Const., Inc. v. Burman*, 186 Cal. App. 4th 1347, 1355 (2010) (citation omitted). However, "[b]ecause disqualification is a drastic measure, it is generally disfavored and should only be imposed when absolutely necessary." *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004). The "paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar." *State Farm Mut. Auto. Ins. Co. v. Federal Ins. Co.*, 72 Cal. App. 4th 1422, 1428 (1999).

With these principles in mind, a litigant may bring a motion to disqualify an attorney if he or she has standing, which is "implicit in disqualification motions." *Great Lakes*, 186 Cal. App. 4th at 1356. Generally, standing requires that the plaintiff be able to assert an injury, that is, an invasion of a legally protected interest. *See Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 175 (2007). Moreover, in most circumstances, before the disqualification of an attorney is proper, the complaining party must have or must have had an attorney-client relationship with that attorney. *See Strasbourger Pearson Tulcin Wolff Inc. v. Wiz Tech., Inc.*, 69 Cal. App. 4th 1399, 1404 (1999).

Presently, Smith does not allege nor provide any evidence that demonstrates that she had an attorney-client relationship with Klinedinst. Thus, Smith has no standing to request the withdrawal of Klinedinst from this case. *E.g.*, *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1988); *Chih Teh Shen v. Miller*, 212 Cal. App. 4th 48, 56 (2012); *Koo v. Rubio's Rests., Inc.*, 109 Cal. App. 4th 719, 729 (2003).

On the other hand, courts have found that non-client litigants may have standing to move for disqualification of counsel in cases where they have a sufficient "personal stake" in the motion because "the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims[.]" *Colyer v. Smith*, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999). Smith argues that it is improper for Klinedinst to represent Defendant when Defendant had adverse intentions

5

17-cv-00961-AJB-WVG

towards Fleischer a former client of Klinedinst. (Doc. No. 22 at 21.) Moreover, Smith asserts that Klinedinst is aware that Defendant is not telling the truth, that Defendant previously attacked one of their clients, and that Klinedinst is only pursuing this litigation in retaliation against her. (*Id*. at 9, 13.) Regrettably, Smith's conclusory allegations fail to demonstrate a conflict of interest so severe that it impedes her claims before this Court.

The Court highlights that Klinedinst never had and does not currently have a confidential relationship with Smith. (Rosing Decl. ¶ 5, Doc. No. 25-2 (*see DCH Health Servs. Corp. v. Waite*, 95 Cal. App. 4th 829, 832 (2002) (holding that absent an attorney-client relationship, the moving party must have an expectation of confidentiality to move to disqualify an attorney)). Additionally, Fleischer is not a party to this case, Defendant was not a party to the lawsuit between Smith and Fleischer, and Fleischer is aware of Klinedinst's current representation of Defendant, has no objection to that representation, and is fully supportive of that representation. (*Id*. ¶ 10; Cook Decl. ¶¶ 3, 4, 5, Doc. No. 25-1.) Furthermore, the lawsuit Smith filed against Fleischer was filed in 2010 and dismissed in 2011, long before Smith brought her malpractice claims against Defendant. (Doc. No. 25 at 7.)

Accordingly, under the standards proscribed in California, the Court concludes that the current matter fails to present a situation that would justify the drastic measure of removing Defendant's attorneys. Thus, Smith's motion for disqualification of Defendant's attorneys is **DENIED**.[3] *See Visa U.S.A., Inc., v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003) (explaining that since a motion to disqualify can be disruptive to the litigation process it is a drastic measure that is "subjected to particularly strict scrutiny.") (citation omitted).

///

---

[3] The Court notes that the remainder of Smith's motion goes to the merits of her claims, refers to Defendant's malpractice insurance, as well as discusses state court matters that have no bearing on her motion to disqualify. (*See generally* Doc. No. 22.) Consequently, the Court declines to analyze these various contentions.

C. Rule 11 Sanctions Against Defendant are Not Warranted

Smith also brings a motion for sanctions based on the allegedly harassing actions Defendant has taken against her in the state court case—a case Smith believes should be closed as her complaint is now with this Court. (*See generally* Doc. No. 32.) Defendant mounts in opposition that Smith's motion is procedurally defective and improperly seeks sanctions for conduct that purportedly occurred when this case was before the state court. (*See generally* Doc. No. 39.)

Federal Rule of Civil Procedure 11 states that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11(b) delineates that in presenting to the court a "pleading, written motion, or other paper," the attorney certifies that to the best of the person's knowledge that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Id*. at 11(b).

Further, per the 1993 amendments, there are stringent notice and filing requirements on parties who seek Rule 11 sanctions. *See Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Specifically, when Rule 11 sanctions are initiated, the Rule's safe harbor provision requires parties filing such motions to give the opposing party 21 days to first "withdraw

or otherwise correct" the offending paper. *Id.* at 678 (citation omitted). This safe harbor provision is enforced strictly. *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788–89 (9th Cir. 2001) (citation omitted).

Smith does not address Rule 11's safe harbor provision and Defendant states that he and Smith never met and conferred and that he was never provided the 21 days to address or correct the allegedly "challenged paper." (Doc. No. 39 at 7.) Thus, Smith's failure to provide the required notice precludes an award of Rule 11 sanctions. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009); *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (holding that "[a]n award of [Rule 11] sanctions cannot be upheld" where the party seeking sanctions did not provide the twenty-one day notice period).

The Court also notes that Rule 11 sanctions would not be appropriate as Rule 11 is limited to pleadings, written motions, and other papers submitted to the Court. *See* Fed. R. Civ. P. 11(b). As currently pled, the actions of Defendant that Smith wishes to be sanctioned are oral representations to the state court judge, his failure to supply Smith with his malpractice insurance, that Smith is being harassed by the constant mail she receives from the state court, and that Defendant is making a "statement" that African American women's representations to a court "do not matter" because they are African American. (Doc. No. 32 at 12–15.) These are clearly not actions that come within the purview of Rule 11's reach.[4] *See Townsend v. Holman Consulting Grp.*, 929 F.2d 1358, 1362 (9th Cir 1990)

---

[4] The Court notes that Smith's Reply brief argues that sanctions may be imposed for conduct that occurred when this case was being litigated in state court. (Doc. No. 41 at 21.) Unfortunately, based on the clear case law from this circuit, Smith is mistaken. *See Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 808 (9th Cir. 1987) (holding that sanctions could not be imposed under Rule 11 for filing a paper in state court when the matter was subsequently removed to federal court). Thus, Smith's allegations that Defendant filed an improper cross-complaint in state court would still not be conduct that this Court could sanction him for if deemed a violation of Rule 11. (Doc. No. 32 at 9.)

("Our cases have established that sanctions must be imposed on the signer of a paper if either a) <u>the paper</u> is filed for an improper purpose, or b) <u>the paper is</u> frivolous.") (emphasis added) (citation and internal quotation marks omitted). Thus, Smith's motion for sanctions under Rule 11 is **DENIED**.

### D. 28 U.S.C. § 1927 Sanctions Are Not Warranted

Smith's motion also requests sanctions pursuant to 28 U.S.C. § 1927. (Doc. No. 32 at 1.) Regrettably, similar to Smith's demand for Rule 11 sanctions, this second request is also not justified.

28 U.S.C § 1927 states that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Explicitly, sanctions under § 1927 requires a finding of recklessness. *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). As currently pled, Smith's broad and unsupported arguments fail to demonstrate that Defendant filed documents either irresponsibly or thoughtlessly. Emphasized *supra* p. 8, Smith alleges in a conclusory manner that Defendant intended to harm her, his actions were "improper," that Defendant has a complete disregard for the Federal Rules of Civil Procedure, and that Defendant is trying to force Smith into appearing in state court as an intimidation tactic. (Doc. No. 32 at 7, 11, 14, 17.) As a whole, these contentions lack any support to demonstrate recklessness on the part of Defendant.

Moreover, § 1927 "limits a federal court's ability to sanction an attorney for conduct before another court." *GRiD Sys. Corp. v. John Fluke Mfg. Co., Inc.*, 41 F.3d 1318, 1319 (9th Cir. 1994); *La Cuna De Aztlan Sacred Sites Prot. Circle Advisory Comm. v. United States Dep't of the Interior*, CV 11-00400 DMG (DTBx), 2011 WL 13131114, at *4 (C.D.

Cal. Nov. 14, 2011). Consequently, Smith's motion, which only refers to actions Defendant made in her state court case, are actions that cannot be sanctioned in this Court.

Based on the foregoing, the purportedly harassing actions of Defendant are not subject to the sanctioning power of this district court. Thus, Smith's motion for sanctions pursuant to § 1927 is **DENIED**.

## III. CONCLUSION

The Court understands the difficulties in navigating the law as a pro se litigant. However, as currently pled, both of Smith's motions completely misunderstand and mistakenly overlook applicable case law from this circuit as well as the clear procedures Smith must follow to bring such motions. Accordingly, the Court **DENIES** Smith's motion for disqualification of Defendant's attorneys and **DENIES** her motion for sanctions—both **WITHOUT PREJUDICE**. (Doc. Nos. 22, 32.) If Smith wishes to pursue these motions at a later date she is strongly encouraged to carefully review this Order before filing any further inadequate motions before this Court.

**IT IS SO ORDERED**.

Dated: March 7, 2018

Hon. Anthony J. Battaglia
United States District Judge