# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL ADRIANNE SMITH,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDY COOK,<br><br>　　　　　　　　Defendant. | Case No.: 17-cv-00961-AJB-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. No. 56) |

Presently before the Court is Plaintiff Carol Smith's ("Plaintiff") motion to appoint counsel filed on April 17, 2018. (Doc. No. 56.) Based on the reasoning below, the Court **DENIES** Plaintiff's motion.

## **BACKGROUND**

On May 8, 2017, Plaintiff filed her complaint alleging that Defendant misrepresented her interests in her child support case. (*See generally* Doc. No. 1.) For reference, some of the claims include bad faith, "malicious process," racial discrimination, fraud, "willful suppression of evidence," and breach of fiduciary duty. (*Id*.) On May 16, 2017, Plaintiff's complaint was sua sponte dismissed for failure to state a claim and her motion to appoint counsel was denied as moot. (Doc. No. 5.)

Thereafter, Defendant filed a motion to dismiss on September 13, 2017. (Doc. No.

18.) In response, Plaintiff filed a variety of motions: (1) a motion for withdrawal of Defendant's attorneys, which was denied, (Doc. Nos. 22, 45); (2) three ex parte motions—one of which was withdrawn and the other two were denied, (Doc. Nos. 28, 29, 30, 31, 35, 36); (3) a motion for sanctions, which was denied, (Doc. Nos. 32, 45); (4) a motion for preliminary injunction, which was later withdrawn, (Doc. Nos. 33, 37); (5) a motion for declaratory judgment, which was later withdrawn, (Doc. Nos. 43, 51); and (6) a motion for leave to amend her complaint, (Doc. No. 49). In an effort to remove her state court case, Plaintiff then filed the exact same complaint in this Court on March 20, 2018—18-cv-572. In the interests of judicial efficiency, the Court consolidated the two cases, granted Plaintiff leave to file a second amended complaint, and denied as moot Defendant's motion to dismiss. (Doc. No. 54.)

## LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent "litigant may lose his [or her] physical liberty if he [or she] loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. However, this discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## DISCUSSION

Instead of providing up to date information as to her current situation, Plaintiff's motion for appointment of counsel directs the Court to look at CM/ECF document number 3 filed on May 8, 2017. (Doc. No. 56 at 3.) The remainder of Plaintiff's motion states that her claims are meritorious, that she has made a reasonably diligent effort to obtain counsel,

and that she is unable to find an attorney willing to represent her in terms she can afford as a single parent. (*Id*. at 4.) Further, Plaintiff claims that she is disabled. (*Id*.)

Although Plaintiff has established indigence by successfully obtaining *in forma pauperis* status, appointing counsel to represent Plaintiff at this time would be inappropriate because she has failed to demonstrate that she is likely to succeed on the merits. Moreover, as evidenced by the various motions filed by Plaintiff, the Court does not find that she has had any extreme difficulty in attempting to litigate her case. *See Wilborn*, 789 F.2d at 1331. Furthermore, Plaintiff has failed to demonstrate her recent efforts to obtain counsel. *See Adkins v. Commissioner of Social Security*, No. 3:13-cv-0138-JAH (JMA), 2013 WL 12198532, at *2 (S.D. Cal. Jan. 28, 2013) ("Plaintiff's failure to employ any effort to secure counsel is not indicative of a 'diligent effort to obtain counsel.'") (citation omitted). Finally, though claims of disability in some cases may constitute an extraordinary circumstance, Plaintiff's general statement that she is disabled is too broad and unsupported to justify appointment of counsel in her case.

The Court notes that "any pro se litigant certainly would be better served with the assistance of counsel." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Wilborn*, 789 F.2d at 1331 ("[A] pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). However, the Court is unable to provide counsel unless there exists some extraordinary circumstance. Presently, no such situation exists in the instant matter.

## CONCLUSION

As explained in more detail above, Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: April 20, 2018

Hon. Anthony J. Battaglia
United States District Judge

3